PER CURIAM.
This is a petition for writ of prohibition, filed by a child with approximately nine delinquency. proceedings pending below, seeking to prohibit Broward County Circuit Court Judge Steven B. Feren from further participating in his pending cases. Judge Feren denied all of the motions for disqualification of judge filed by the juvenile as untimely in part and as legally insufficient in part. We grant the petition.
All the motions were timely filed on April 23, 2010, from statements made by Judge Feren on April 13, 2010. Discussing the number of cases another child had pending, apparently eleven, the judge said, “Okay. This is what they meant when they taught us about the weÁght of the evidence? ... Eleven files on one side. Getting pretty weighty.” (Emphasis added). According to the motions, the court “gestured as if it were holding the scales of justice and lowered the scale when it said ‘getting pretty weighty.’ ” The petitioner was concerned that Judge Feren believes a child who is charged in more than one case is more likely to be guilty, based on the multiple cases pending, and that having multiple cases constitutes evidence against the child. The child feared he would not get a fair trial, as the court’s statements and gestures suggested it was not the evidence introduced at trial or at a violation of probation hearing, but the number of pending files that would determine whether the child was guilty.
With respect to the juvenile’s interpretation of the April 13th remark, he had been advised by counsel of statements Judge Feren made in open court on May 28, 2009, implying that the judge would punish a child with multiple cases for maintaining his or her innocence. According to the motions, Judge Feren expressed his opinion that when a child has multiple cases, it is a waste of the judge’s time for the child to proceed to trial on any one charge and plea out the remainder of the cases. The trial judge reasoned the sanction imposed in those cases that were pled would be the same as the penalty imposed in the case that was tried. The trial judge concluded by stating that he did not see why he had to spend time on a trial when it would not matter to the child in terms of the sanction imposed. Judge Feren admitted he could see why a child might not want a particular charge on his or her record, or a felony as opposed to a misdemeanor, though he minimized the importance of the difference, stating “not all of the felonies ultimately matter down the road. There’s really no difference between a grand theft and a petit theft withheld. It’s still going to be a theft one way or the other. *182 Doesn’t make a difference.” The judge instructed defense counsel to explain why, in such cases, he should not be upset that a child is going to trial, reiterating it was a waste of time to take one case to trial just because counsel believes it is a winner.
Other comments at that hearing suggested the judge would punish a child for maintaining his or her innocence by adjudicating the child if found guilty after trial, and imposing any sentence consecutive to that imposed following a plea:
You have to explain to them though, that if they go to trial on that case and they lose, I’m going to adjudicate them, which is going to be a more significant blot on their record than, you know, a withheld along with a bunch of other withhelds is going to be, and that I’m probably going to give them some punishment over and above what they might later plead to.... I’m not going to do it concurrent because the child took his chances, went to trial, I found him guilty, and he has to do a separate punishment on that in my mind as opposed to the other cases where the court is giving him what’s agreed to between the parties as an expediency because the child is pleading no contest and the court doesn’t know whether the child is guilty or not guilty. (Emphasis added).
Based on the foregoing statements, R.V. maintained he had a well-founded fear that Judge Feren was prejudiced against him and he would not receive a fair trial or, if found guilty, adjudication hearing.
The trial court denied all the motions in a single order. With respect to the comments made on May 28, 2009, the court noted they were previously raised in motions which the judge had denied as untimely, and the petition for writ of prohibition seeking review of that ruling was denied on the merits in E.L.W. v. State, No. 4D09-2936 (Fla. 4th DCA Aug. 4, 2009) (unpublished order). With respect to the comments made on April 13, 2010, the court found the motions to be legally insufficient. All the motions were denied as legally insufficient in part and as untimely in part.
R.V. filed a petition for writ of prohibition with this court, arguing that Judge Feren’s comment regarding the great weight of the evidence, coupled by his hand gesture of lowering one side of an imaginary scale when stating “getting pretty weighty,” would lead a reasonable person to believe the court was not going to judge each of his cases individually and instead would consider the number of pending cases in determining the child’s guilt or innocence. He also argues that the judge’s cumulative statements may be considered in determining the reasonableness of the child’s fear.
The State argues in its response that a movant’s subjective fears or speculation are not reasonably sufficient ones, citing Moore v. State, 820 So.2d 199, 206 (Fla.2002) (citing Arbelaez v. State, 775 So.2d 909 (Fla.2000)). It disagrees that the judge’s April 13 statement, about the weight of the numerous files, would lead a reasonable person to believe that the court would not judge each case individually, but would take the number of cases into account in determining guilt or innocence, or that the statement reflected a bias against juveniles with multiple pending cases. The State points out that a court conducting a trial has only the evidence before it with which to make a determination of guilt. That, however, is just the point; the number of cases an accused has cannot be considered in weighing the evidence in any single case; that would be like relying on the number of cases to show the child’s propensity to commit offenses.
With respect to the “untimely” set of comments, the State views the juvenile’s *183 allegations as an attempt to bootstrap the untimely comments onto the insufficient timely ones and argues that the petitioner’s current fear cannot be based on comments made nearly a year earlier.
We conclude that, even without the May 28 statements, the April 13 statements alone suggested that the trial court, who would be the fact finder in the upcoming juvenile proceedings, would consider the number of cases pending against a child as evidence against him in determining his guilt in any one case. The prior comments cannot be used as a timely basis for disqualification, but we see no reason why they cannot inform a petitioner’s understanding of the comments from which the motion for disqualification was timely filed.

Petition Granted.

WARNER, STEVENSON and DAMOORGIAN, JJ., concur.